

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2007

# USA v. Hairston

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3727

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Hairston" (2007). *2007 Decisions.* Paper 1427.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1427

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-3727

———

UNITED STATES OF AMERICA,


v.

JAMES LAMONT HAIRSTON,

Appellant.


———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 03-cr-0132)

District Judge: Honorable Arthur J. Schwab


———

Submitted Under Third Circuit LAR 34.1(a),
January 23, 2007

Before: SCIRICA, Chief Judge, FUENTES, CHAGARES, Circuit Judges.

(Filed: March 26, 2007 )

_____

OPINION

_____

FUENTES, Circuit Judge.

James Hairston appeals his sentence, which was imposed after he pleaded guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of armed bank robbery, in violation of 18 U.S.C. § 2113(d). Hairston also agreed to acknowledge responsibility for an additional count of § 2113(a) bank robbery, which was charged in his indictment, but to which he did not plead guilty. For the reasons stated below, we hold that Hairston's sentence is reasonable and adequately accounts for Hairston's mental capacity and the seriousness of his criminal history, and that the District Court otherwise properly considered all of the 18 U.S.C. § 3553(a) factors.

I.

Because the parties are familiar with facts of this case, we will only discuss them as necessary to our analysis. In a previous appeal before this Court, Hairston filed a motion for summary remand of his initial 188-month sentence, which was granted with the government's consent. The sole purpose of the remand was to sentence Hairston in accordance with United States v. Booker, 543 U.S. 220 (2005). On July 14, 2005, the District Court resentenced Hairston to 180 months' imprisonment—eight months below the guideline range of 188 to 235 months, and well below the statutory maximum of 65

2

years' imprisonment.

On appeal, Hairston argues that the District Court, in applying the 18 U.S.C. § 3553(a) factors, failed to consider sufficiently his mental health problems and to account for the fact that his classification as a career offender overstated the seriousness of his criminal history. As a result, Hairston argues, his 180-month sentence was unreasonable.

II.

We review a District Court's imposition of a criminal sentence for reasonableness. United States v. Booker, 543 U.S. 220, 261 (2005); United States v. Dragon, 471 F.3d 501, 505 (3d Cir. 2006); United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006). Cooper established the framework for our review, explaining that "we must first be satisfied the court exercised its discretion by considering the relevant factors." 437 F.3d at 329. "[T]he court is not required to discuss and make findings as to each of the § 3553(a) factors 'if the record makes clear the court took the factors into account in sentencing.'" Dragon, 471 F.3d at 505 (quoting Cooper, 437 F.3d at 329). Nor are there any magic words that a district judge must use when sentencing, as long as the record shows "that the court considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record." Cooper, 437 F.3d at 329.

Considering these principles, Hairston's appeal is without merit because the record reveals that upon resentencing the Court carefully considered Hairston's mental capacity

3

and criminal history, and appropriately reduced his sentence by eight months. The Court explained that:

> the sentence imposed [is] sufficient but not greater than necessary for the sentence to reflect the seriousness of the offense; promote respect for the law and provide just punishment for the offense; to afford adequate deterrence; to protect against the commission of further crimes by the defendant; and provide the defendant with the needed and effective educational or vocational training, medical care or other correctional treatment.

(App. 301-02.) The Court also recommended that "the defendant be placed in a facility where he can receive mental health treatment if the Bureau of Prisons believe[s] that is necessary." (Id. at 301.) Although the Court did not discuss the factors stressed by Hairston—his persistent homelessness, mental deficiency, and drug dependence—the Court reviewed and adopted the PSR which contains the facts underlying Hairston's challenge to his career offender status. The Court reasonably exercised its discretion to impose a sentence that factored in Hairston's criminal history, including his significant number of arrests and prior criminal convictions.

Based on the record, it is clear that the District Court gave meaningful consideration to all of the § 3553(a) factors and applied them reasonably to the facts of Hairston's case, after hearing recommendations, argument, and objections from counsel on both sides. In this situation, we defer to the District Court because it is "in the best position to determine the appropriate sentence in light of the particular circumstances of the case." See Cooper, 437 F.3d at 330 (citation omitted).

4

## III.

We have considered all of Hairston's remaining arguments and conclude that they are without merit.  For the foregoing reasons, we conclude that the District Court's sentence was reasonable under <u>Booker</u> and <u>Cooper</u>.  Accordingly, we will affirm the judgment of sentence.